**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 21-44-DLB**

**JAQUAN JACKSON**                                                     **PLAINTIFF**

**v.**                        **MEMORANDUM OPINION AND ORDER**

**CAMPBELL COUNTY DETENTION CENTER**                   **DEFENDANT**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Jaquan Jackson is an inmate currently confined at the Blackburn Correctional Complex located in Lexington, Kentucky. Proceeding without an attorney, Jackson has filed a civil action (Doc. # 1) and a motion for leave to proceed *in forma pauperis* (Doc. # 2). The Court has reviewed Jackson's motion and supporting documentation and will grant the request on the terms established by 28 U.S.C. § 1915(b). Because Jackson has been granted *pauper* status in this proceeding, the $52.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

Because Jackson is a prisoner proceeding *in forma pauperis*, the Court must conduct a preliminary review of Jackson's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. Upon initial screening, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is obviously immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). At this stage, the Court accepts Jackson's factual allegations as true and liberally construes Jackson's legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Jackson's complaint is

1

evaluated under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

Jackson's complaint alleges that he was injured when he was previously incarcerated at the Campbell County Detention Center in the fall of 2020. He states that he complained that his back was hurting and filled out sick call slips for over three months, but nothing was done. He also alleges that, after that he told staff that he needed to go to the hospital to get further medical attention, they took x-rays of his back/spine and told him that the results were negative and that he was fine. According to Jackson, after he was transferred to a new facility, new x-rays were taken and he was told that he had a compression facture on his L5 and L4 "spinal bone/disc." Jackson seeks monetary damages in the amount of $4 million against the entire jail staff at the Campbell County Detention Center because he claims they accused him of faking his injury and denied him medical treatment for four months. (Doc. # 1).

However, Jackson's complaint will be dismissed for failure to state a claim for which relief may be granted, as he fails to name a viable Defendant to his claims. A civil complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also* Fed. R. Civ. P. 8.

Jackson seeks to bring his claims against the entire staff of the Campbell County Detention Center. However, the Campbell County Detention Center itself is not a suable entity apart from the county that operates it. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson

County is the proper party to address the allegations of Matthews's complaint."). Even if the Court were to construe Jackson's claim as one against Campbell County, because a county government is only responsible under 42 U.S.C. § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Jackson makes no allegation that the events about which he complains are the product of a county policy or custom, and he therefore fails to state a claim for relief against the county. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

Moreover, while Jackson's claim that he was denied medical care sounds in the Eighth Amendment, he may not pursue such a claim against the entire Campbell County Detention Center staff as a group. Rather, a "[p]laintiff must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant," *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) (citations omitted). Indeed, "[e]ven a pro se prisoner must link his allegations to material facts . . . and indicate what each defendant did to violate his rights." *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). Jackson names no individual defendants, nor does he make any allegations of conduct by any particular individual. For these reasons, he fails to properly allege an Eighth Amendment claim.

While the Court construes *pro se* pleadings with some leniency, it cannot create claims or allegations that the plaintiff has not made. *Brown v. Matauszak*, 415 F. App'x

608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); *Nali v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009) (Sutton, J., dissenting) ("when a *pro se* litigant asks us to identify any potentially winning arguments in his lower court pleadings, he is asking us to create, not correct, potential disparities in the legal system."). Jackson's failure to adequately allege a claim for relief against a viable defendant does not gives this Court license to create these allegations on his behalf. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf.") (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)). For all of these reasons, Jackson's complaint will be dismissed. Accordingly,

**IT IS ORDERED** as follows:

(1) Jackson's motion for leave to proceed in forma pauperis (Doc. # 2) is **GRANTED**. Payment of the filing and administrative fees are **WAIVED**;

(2) Jackson's complaint (Doc. # 1) is **DISMISSED WITHOUT PREJUDICE**; and

(3) This matter is **STRICKEN** from the Court's active docket.

A judgment will be entered contemporaneously herewith.

This 8th day of April, 2021.



Signed By:
*David L. Bunning*
**United States District Judge**

J:\DATA\ORDERS\PSO Orders\2-21-44 Screening MOO.docx